**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1462-SEP |
| | ) | |
| SSM HEALTHCARE CORPORATE OFFICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. [2].  Upon consideration of the financial information provided with the application, the Court finds that Plaintiff is financially unable to pay any portion of the filing fee.  Therefore, Plaintiff will be granted leave to proceed *in forma pauperis*.  Additionally, for the reasons discussed below, the Court will dismiss Plaintiff's claim for discrimination based on gender because this claim is not like or reasonably related to the claims outlined in Plaintiff's Charge of Discrimination.  For the remaining claims, the Court will direct the Clerk of Court to issue process or cause process to issue upon Defendant SSM Healthcare Corporate Office.

**The Complaint and Charge of Discrimination**

Plaintiff is a self-represented litigant who brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").  Using a Court-provided employment discrimination form complaint, she alleges race (African American) and gender (female) discrimination against her former employer, SSM Healthcare Corporate Office

–1–

("SSM"). Under the section to indicate the alleged discriminatory conduct, Plaintiff checked the boxes for termination of employment and retaliation and wrote in "toxic-hostile workplace environment."

Plaintiff states she was hired by SSM on or around May 5, 2019, as a Product Specialist and later filled the role of Application Analysis. She claims she was the only African-American female under the supervision of John Thomas, the Executive Director of Information Technology. She alleges that her coworker Carrie Stockamp "was very rude and nasty, and hollered at [her] on several occasions and refused to train [her] adequately." She further alleges that she was "locked out of the office after lunch several times and ignored by [her] coworkers." Plaintiff claims she informed SSM's human resources department and management about her treatment and submitted eight separate complaints, but no changes were made. On or around July 17, 2020, Mr. Thomas informed her that her job was being eliminated due to COVID-19. Plaintiff claims her discharge was actually in retaliation for the complaints she submitted regarding her treatment, and she was harassed and poorly trained because of her race and sex as an African American female.

Plaintiff seeks $2,000,000 in actual damages, $2,500,000 in punitive damages, and a court order that SSM implement a diversity training program.

Attached to Plaintiff's complaint is a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and her Charge of Discrimination. Doc. [1-2]. In the Charge, Plaintiff named SSM as the respondent and checked the boxes indicating she was discriminated based on race and retaliation. She did not check the box for "sex." In the "Particulars" section of the Charge, Plaintiff repeated the allegations from the Statement of the Claim of the instant complaint.

–2–

Plaintiff also attached to the complaint a summary of her grievances she submitted to SSM management and/or the human resources department; a U.S. Department of Labor Complaint Form; a transcript of a meeting between Plaintiff and her supervisor, Amy Lindenbusch, regarding the conduct of her coworkers and alleged hostile workplace; and a list of issues she encountered during her employment at SSM.  Docs. [1-1], [1-3].  In the last attachment, Plaintiff asserts she was qualified for the position for which SSM hired her, stating that she worked for Monsanto and Bayer for thirteen (13) years before being "heavily recruited by Michelle Russell, Recruiter for SSM Health."  Doc. [1-3].

## Legal Standard

The Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

When reviewing a self-represented litigant's complaint under Section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and

–3–

liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## Discussion

Having reviewed the Complaint and its attachments, including the Charge of Discrimination and the Notice of Right to Sue from the EEOC, the Court finds that Plaintiff has sufficiently alleged discrimination and hostile work environment based on race, as well as retaliation, for those claims to survive initial review.

The Court further finds that Plaintiff has sufficiently alleged a claim for hostile work environment based on gender; however, her gender discrimination claim will be dismissed for failure to exhaust administrative remedies.  Plaintiff did not check the box for "sex" as a basis for discrimination in her Charge, and in the body of her Charge, her gender-based allegations related to harassment:   "I believe I was harassed and poorly trained because of my race and sex, African American female[.]"   Doc. [1-2] at 3.

As a precondition to filing suit in federal court, Title VII requires a plaintiff to exhaust all administrative remedies.  *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976).  "A

plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claim of gender discrimination is not "like or reasonably related to" her claim of discrimination based on race; nor is it "like or reasonably related to" her claim of a hostile work environment based on gender. *Dorsey*, 278 F.3d at 838-39 (holding that discriminatory actions are not reasonably related to harassment). The EEOC did not investigate a claim of gender discrimination, nor could one have reasonably expected it to, given Plaintiff's failure to allege such discrimination in her Charge. Therefore, the Court will dismiss the gender discrimination claim for failure to exhaust administrative remedies.

Plaintiff has also filed a form Motion for Appointment of a Pro Bono Neutral. Doc. [3]. That request is premature: Defendant has not yet been served nor responded to the Complaint, and the Court has not issued a case management order. Therefore, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Pro Bono Neutral (Doc. [3]) is **DENIED** without prejudice as premature.

**IT IS FURTHER ORDERED** that Plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination based on gender is **DISMISSED** for failure to exhaust administrative remedies. *See* 28 U.S.C. 1915(e).

**IT IS FINALLY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Defendant SSM Healthcare Corporation at the registered address of 120 S. Central Avenue, Clayton, Missouri 63105.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of November, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE